IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRENILE GAINEY A/KA,** : | |
| **NAREE ABUDLLAH, et al.,** : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 22-4143 |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| Defendants. : | |
| : | |

**ANSWER AND AFFIRMATIVE DEENSES OF DEFENDANT THE CITY OF PHILADELPHIA**

Defendant the City of Philadelphia ("City" or "City of Philadelphia"), by and through its counsel, hereby files the following Answer with Affirmative Defenses to Plaintiffs' Amended Complaint, denying each and every averment except as expressly admitted below:

**ANSWER**

**I. PRELIMINARY STATEMENT**

1. Paragraph 1 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The dockets of the legal proceedings referenced in Paragraph 1 are a matter of public record and speak for themselves. The City refers the Court to those docket for their full and accurate contents. The City otherwise denies the allegations in Paragraph 1.

2. The dockets and motions papers of the legal proceedings referenced in Paragraph 2 are a matter of public record and speak for themselves. The City refers the Court to those dockets

and motions papers for their full and accurate contents. The City otherwise denies the allegations in Paragraph 2.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 3.

## II. JURISDICTION

4. Paragraph 4 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it is not currently challenging the Court's subject-matter jurisdiction but reserves the right to do so as the need arises.

## III. PARTIES

5. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7. Paragraph 7 states conclusions of law to which no response is required. To the extent a response is required, the City admits that the City of Philadelphia is a municipality duly organized and operating under the rules and regulations set forth by the Commonwealth of Pennsylvania. The City refers the Court to those rules and regulations for their full and accurate contents. The City expressly denies that the Philadelphia Police Department employed Yvonne Ruiz and that the Philadelphia District Attorney's Office employed Joseph Walsh or Anthony Tomaino. As the City does not know the meaning of the phrase "[a]t all relevant times" or the identity of the Doe(s) defendants, the City states that it otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. The City admits that Plaintiffs purport to sue Defendant Ruiz in her individual capacity. Paragraph 8 otherwise states legal conclusions to which no response is required. To the

extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10. The City admits that Plaintiffs purport to sue Defendants Walsh and Tomaino in their individual capacities. Paragraph 10 otherwise states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 because the meaning of the phrase "at all times relevant to this action" is unknown.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 11.

**IV.     FACTUAL ALLEGATIONS**

12. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

## **Jackson's False Testimony**

26. Transcripts of the testimony referenced in Paragraph 26 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 26.

27.   Transcripts of the testimony referenced in Paragraph 27 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. Paragraph 27 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 that are directed towards other parties.  The City otherwise denies the allegations in Paragraph 27.

28.   The dockets referenced in Paragraph 28, and their associated court filings, are a matter of public record and speak for themselves. The City refers the Court to those dockets and filings for their full and accurate contents. The City otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.   A transcript of the testimony referenced in Paragraph 29 is a matter of public record and speaks for itself. The City refers the Court to that transcript for its full and accurate contents. Paragraph 29 otherwise states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 29.

30.   The PCRA filings referenced in Paragraph 30 are a matter of public record and speak for themselves. The City refers the Court to those filings for their full and accurate contents. The City states that it otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.   The court filings referenced in Paragraph 31 are a matter of public record and speak for themselves. The City refers the Court to those filings for their full and accurate contents.  The

City states that it otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

33. Paragraph 32 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the District Attorney's Office. The City otherwise denies the allegations in Paragraph 32.

33. The PCRA filings referenced in Paragraph 33 are a matter of public record and speak for themselves. The City refers the Court to those filings for their full and complete contents. The City otherwise denies the allegations in Paragraph 33.

34. Paragraph 34 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 35.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 36.

**Undisclosed *Brady* Material in the files of the Prosecutor and Police**

37. Transcripts of the testimony referenced in Paragraph 37 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 37.

38. Transcripts of the testimony referenced in Paragraph 38 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 38.

39. Transcripts of the testimony referenced in Paragraph 39 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 39.

40. Transcripts of the testimony referenced in Paragraph 40 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 40.

41. Transcripts of the court proceedings referenced in Paragraph 41 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 41.

42. Transcripts of the testimony referenced in Paragraph 42 are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 42.

43. Paragraph 43 states legal conclusions to which no response is required. To the extent that a response is required, City states that it lacks knowledge or information sufficient to

form a belief as to the truth of the allegations in Paragraph 43 that are directed towards other parties. The City otherwise denies the allegations in Paragraph 43.

44. The City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44.

45. The City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45.

46. The City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46.

47. The City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 that are directed towards other parties. The City otherwise denies the allegations in Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 that are directed towards other parties. The City otherwise denies the allegations in Paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 50.

**The Redacted Statements**

51. Paragraph 51 states legal conclusions to which no response is required. To the extent that a response is required, the legal filings referenced in Paragraph 51 are a matter of public

record and speak for themselves. The City refers the Court to those filings for their full and accurate contents. The City states that it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51.

52. The legal filings referenced in Paragraph 52 are a matter of public record and speak for themselves. The City refers the Court to those filings for their full and accurate contents. The City states that it otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. The City states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Paragraph 54 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 54.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent that a response is required, the City states that the trial transcripts are a matter of public record and speak for themselves. The City refers the Court to those transcripts for their full and accurate contents. The City otherwise denies the allegations in Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient

to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 58.

### Post-Trial Proceedings

59. The dockets of the legal proceedings referenced in Paragraph 59 are a matter of public record and speak for themselves. The City refers the Court to those dockets for their full and accurate contents. The City otherwise denies the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent that a response is required, the Plaintiff Abdullah's case docket and the *Gray v. Maryland* decision are matters of public record and speak for themselves. The City otherwise denies the allegations in Paragraph 60.

61. Paragraph 61 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 61.

62. The court filings referenced in Paragraph 62 are a matter of public record and speak for themselves. The City refers the Court to those filings for their full and accurate contents. The City otherwise denies the allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent that a response is otherwise required, the docket of the legal proceedings referenced in paragraph 63 is a matter of public record and speaks for itself. The City refers the Court to that docket for its full and accurate contents. The City states that it otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations that are directed towards other parties. The City otherwise denies the allegations in Paragraph 66.

67. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about Plaintiff Abdullah's mental state and the actions of the Philadelphia District Attorney's Office. The City otherwise denies the allegations in Paragraph 68.

69. The plea and sentencing records referenced in Paragraph 69 are a matter of public record and speak for themselves. The City refers the Court to those documents for their full and accurate contents. The City states that it otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. The January 24, 2022 order referenced in Paragraph 70 is a matter of public record and speaks for itself. The City refers the Court to that order for its full and accurate contents. The City otherwise denies the allegations in Paragraph 70.

71. The City states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent that a response is required, the City states that it lacks knowledge or information sufficient to form a belief about Plaintiff Trice's mental state and the actions of the Philadelphia District Attorney's Office. The City otherwise denies the allegations in Paragraph 72.

73. The plea and sentencing records referenced in Paragraph 73 are a matter of public record and speak for themselves. The City refers the Court to those documents for their full and accurate contents. The City states that it otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74. Paragraph 74 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 74.

75. Paragraph 75 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 75.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 79.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 80.

81. Paragraph 81 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 82.

83. Paragraph 83 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 86.

87. Paragraph 87 states legal conclusions to which no response is required. To the extent that a response is required, the docket filings of the referenced legal case are a matter of public record and speak for themselves. The City refers the Court to those filings for their full and accurate contents. The City otherwise denies the allegations in Paragraph 87.

88. Paragraph 88 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 89.

## V. CAUSES OF ACTION

**COUNT I: 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial Under the Fourteenth Amendment**
*Against All Individual Defendants*

90. Plaintiffs incorporate by reference all the foregoing paragraphs. The City incorporates by reference all of the foregoing paragraphs.

91. Paragraph 91 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 91.

92. Paragraph 92 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 92.

93. Paragraph 93 states legal conclusions to which no response is required and pertains to a claim that is not directed toward the City. To the extent that a response is required, the City denies the allegations in Paragraph 93.

### COUNT II: 42 U.S.C. §1983 Civil Rights Conspiracy
*Against All Individual Defendants*

94. The City incorporates by reference all the foregoing paragraphs.

95. Paragraph 95 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 95

96. Paragraph 96 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 97.

### COUNT III: 42 U.S.C. § 1983 Failure to Intervene
*Against All Individual Defendants*

98. The City incorporates by reference all of the foregoing paragraphs.

99. Paragraph 99 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 99.

100. Paragraph 100 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 100.

101. Paragraph 101 states legal conclusions to which no response is required and pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 101.

### COUNT IV: 42 U.S.C. § 1983 Municipal Liability Claim
*Against Defendant City of Philadelphia*

102. The City incorporates by reference all the foregoing paragraphs.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 103.

104. Paragraph 104 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 104.

105. Paragraph 105 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 105.

### COUNT V: DAMAGES
*Against All Defendants*

106. The City incorporates by reference all the foregoing paragraphs.

107. Paragraph 107 states legal conclusions to which no response is required. To the extent that a response is required, the City denies the allegations in Paragraph 107.

## COUNT VI: PUNITIVE DAMAGES
*Against All Individual Defendants*

108. The City incorporates by reference all the foregoing paragraphs.

109. Paragraph 109 states legal conclusions to which no response is required and falls under pertains to a claim that is not directed towards the City. To the extent that a response is required, the City denies the allegations in Paragraph 109.

The "WHEREFORE" clause set forth on pages 24 and 25 of the Amended Complaint states a demand to which no response is required. To the extent that a response is requited, the City denies that Plaintiffs are entitled to judgment against the City or any of the other relief sought.

WHEREFORE, the City denies that it is liable to Plaintiffs and demand judgment in its favor, together with reasonable attorney's fees and costs of defending against this action.

## JURY DEMAND

The City demands a trial by jury in this action.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Amended Complaint, and each cause of action in it, fails to state a claim upon which relief can be granted against the City.

2. No act or failure on the part of the City violated any of Plaintiffs' constitutional rights.

3. At all times material herein, Plaintiffs were afforded all the rights, privileges, and immunities granted pursuant to the Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

4. At no time material hereto, did the City act in bad faith or wantonly, recklessly, or maliciously, or with a disregard for Plaintiffs' health, safety, or welfare.

5. Plaintiffs suffered no legally cognizable injuries or damages as a result of any alleged improper acts or omissions on the part of the City.

6. Plaintiffs suffered no legally cognizable injuries or damages as a result of any alleged improper acts or omissions on the part of the City.

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

8. Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel, judicial estoppel, unclean hands, and/or equitable estoppel.

9. At all times material herein, the actions of the City were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

10. Plaintiffs' alleged injuries, sufferings, and/or damages, if any, were caused by the conduct, negligence, recklessness, disregard, criminal, and other behavior of another/other, over whom eh City has no control and/or right to control.

11. Plaintiffs' claims are barred by issue preclusion.

12. The acts of prosecutors and judges involved in Plaintiffs' criminal litigation were a superseding cause of the harm Plaintiffs suffered, thus precluding a finding of liability against the City.

13. Plaintiffs' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

14. Plaintiffs' criminal charges were held over at a preliminary hearing, and the holding over of criminal charges is affirmative evidence of probable cause.

15. The City asserts that Plaintiffs are guilty of the crimes with which they were charged.

16. The City asserts all immunity to which it may be entitled under the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541 *et seq.*

17. The City asserts all common law, statutory immunity, and qualified immunity to which it may be entitled.

18. Plaintiffs' claims are barred by the doctrine of unclean hands.

19. To the extent that the criminal actions of Plaintiffs bar their claims, the City claims same as a defense.

20. Plaintiffs' injuries and/or damages, as alleged, were not caused in any manner by the acts or inaction of the City.

21. Plaintiffs' injuries and/or damages were caused by Plaintiffs' own criminal acts or omissions, or the criminal acts or omissions of others.

22. Plaintiffs failed to mitigate their damages.

23. At all times through the criminal trial of Plaintiffs, probable cause existed for their respective arrests and prosecutions.

24. The doctrine of absolute immunity bars Plaintiffs' claims to the extent that they are based on the alleged falsity of witness testimony.

25. Any affirmative defense rather by any other parties in this litigation.

Date: May 23, 2023

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
Danielle W. Walsh

Divisional Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448 (phone)
(215) 686-5299 (phone)
danielle.rosenthal@phila.gov
danielle.walsh@phila.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRENILE GAINEY A/KA,** : | |
| **NAREE ABUDLLAH, et al.,** : | |
| : | |
| **Plaintiff,** : | |
| : | **Civil Action** |
| v. : | **No. 22-4143** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date below, the foregoing Answer and Affirmative Defenses of Defendant the City of Philadelphia was filed on the Court's electronic filing system, and is available for download and viewing.

Date: May 23, 2023

Respectfully submitted,

*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal
Deputy City Solicitor
PA Bar No. 329676
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5448
danielle.rosenthal@phila.gov