# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **GRENILE GAINEY, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 22-4143** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Plaintiffs' Motion to Compel Production of Subpoenaed Documents (ECF No. 73), and Defendant, the City of Philadelphia's Response, it is **HEREBY ORDERED** that Plaintiffs' Motion to Compel is **DENIED**.

BY THE COURT:

_____
MICHAEL M. BAYLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRENILE GAINEY, et al., : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action |
| v. : | No. 22-4143 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| : | |
| Defendants. : | |

**DEFENDANT CITY OF PHILADELPHIA'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS**

Defendant, City of Philadelphia ("City"), by and through the undersigned counsel, hereby file this response to Plaintiffs' motion to compel the "Philadelphia Police Department, and the Philadelphia District Attorney's Office" production of subpoenaed documents. (ECF No. 73). For the reasons that follow, Plaintiff's motion to compel should be denied as directed to the City by way of the Philadelphia Police Department.

**I.      Overview and Response**

Plaintiffs allege that on October 23, 2023, they served subpoenas on the Philadelphia Police Department ("PPD") and Philadelphia District Attorney's Office ("DAO"). (*See* ECF No. 73 at ¶ 3). Plaintiff then claims that the City controls the documents, including "some or all of the subpoenaed documents." (*Id*. at ¶ 7). Plaintiff adds that the City has not complied with the Subpoena, and "has made no attempt to respond as to the subpoenaed documents." (*Id*. at ¶¶ 8, 10).

Case 2:22-cv-04143-MMB   Document 74   Filed 07/15/24   Page 3 of 5

Here, it appears that Plaintiffs conflate the DAO and the City. Indeed, the DAO is a separate entity, and controls the documents in question, specifically the DAO/trial files, that are not in possession of the City. Second, Plaintiffs served the subpoena on the DAO, not the PPD or the City, as detailed in the subpoena Plaintiffs attached to their motion. (ECF No. 73-1 at p. 1).

Nevertheless, the City and the PPD have complied with requests for discovery. Indeed, Defendant has produced the documents that it has in its possession, responsive to Plaintiffs prior discovery requests as detailed in its response to Plaintiffs' prior motion to compel (specifically the City's discovery production letter). (*See* ECF No. 72-3).

Although not entirely clear, it appears that Plaintiffs seek the DAO file per Plaintiffs' email exchange with the Civil Litigation Unit of the DAO. (ECF No. 73-2, at p. 2). It also appears that despite their October 23, 2023, subpoena served upon the DAO, Plaintiffs did not follow up until the more recent subpoena sent to the DAO on June 18, 2024, and follow-up correspondence with the DAO employees in late June and July of 2024. (*See* ECF No. 72-1 p. 1, 72-2 p. 1-4). Here, per the DAO Supervisor of Civil Litigation, the DAO located twelve boxes of materials on June 27, 2024. (ECF No. 72-2 at p 2). Then, on July 12, 2024, the DAO explained that they needed more time to scan the boxes due to the number of boxes and staffing issues in their office. (ECF No. 72-2 at p. 4). As such, it appears that Plaintiffs are unsatisfied with the DAO's ability to scan the twelve DAO boxes as quickly as they would like. Indeed, Plaintiffs could have followed up with the DAO closer in time to October 23, 2023, but instead chose to wait until late in the discovery period to follow up with the DAO and for the final day of discovery to submit this motion to compel, which is inappropriately directed at the City.

Again, this does not concern the City as this subpoena is directed at the DAO for documents in possession of the DAO, not the PPD or City.

2

## II.     Conclusion

For the foregoing reasons, and those detailed in the Motion, the Defendant City respectfully requests that this Court deny Plaintiffs' motion to compel as it is inappropriately directed at the City and PPD.

Date:  July 15, 2024                                                              Respectfully submitted,

/s/ *Daniel Cerone*
Daniel Cerone
Div. Deputy City Solicitor
Attorney Identification No. 321507

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GRENILE GAINEY, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | **Civil Action** |
| v. : | **No. 22-4143** |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| **Defendants.** : | |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Response was electronically filed and are available for downloading.

Date:  July 15, 2024

/s/ *Daniel Cerone*
Daniel Cerone, Esquire
Div. Deputy City Solicitor
Pa. Attorney ID No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2964