IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAREE ABDULLAH a/k/a GRENILE GAINEY and JARMAINE TRICE a/k/a ERIC GREENE, *Plaintiffs*, v. CITY OF PHILADELPHIA, YVONNE RUIZ, JOSEPH WALSH, ANTHONY TOMAINO, and JOHN DOE(S), individually and as employees for the City of Philadelphia, *Defendants*. | No. 2:22-cv-04143-MMB |

**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS**

Upon consideration of Plaintiffs' Motion to Compel Production of Subpoenaed Documents (ECF No. 73), Non-Party Philadelphia District Attorney's Office's response in opposition thereto, the Declaration of Daniel P. Margolskee in relation thereto, and all other papers and pleadings filed of record to date in this matter, this Court HEREBY ORDERS that the said Motion to Compel is DENIED as to the Philadelphia District Attorney's Office.

Done this _____ day of _____, 202__.

BY THE COURT:

_____
MICHAEL M. BAYLSON
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAREE ABDULLAH a/k/a GRENILE GAINEY and JARMAINE TRICE a/k/a ERIC GREENE,<br>        *Plaintiffs*,<br>v.<br>CITY OF PHILADELPHIA, YVONNE RUIZ, JOSEPH WALSH, ANTHONY TOMAINO, and JOHN DOE(S), individually and as employees for the City of Philadelphia,<br>        *Defendants*. | No. 2:22-cv-04143-MMB |

## NON-PARTY PHILADELPHIA DISTRICT ATTORNEY'S OFFICE'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS

Non-party Philadelphia District Attorney's Office ("DAO") respectfully submits this response in opposition to Plaintiffs' motion to compel production of subpoenaed documents (ECF No. 73).

1. In their motion, Plaintiffs state that they served a subpoena on DAO on October 23, 2023. (Pls.' Mot. ¶ 3.) That is untrue. In fact, as they now acknowledge (*see* Margolskee Decl. Ex. A), Plaintiffs did not serve a subpoena on DAO until June 21, 2024.[1]

2. On June 25—two business days after DAO received that subpoena—the undersigned emailed Plaintiffs' counsel to request a two-week extension of the subpoena return

---

[1] Plaintiffs also attach to their motion a purported certificate of service and a meet-and-confer certification pursuant to Local Rule 26.1(f). (ECF 73 at 6-7.) Those certificates apparently come from a different case, and are dated February 8, 2024. Plaintiffs could not truthfully execute those certificates in *this* case, because they did not serve a copy of their motion on DAO's counsel and they made no attempt to meet and confer with DAO's counsel prior to filing the motion to compel. (Margolskee Decl. ¶¶ 11-12.)

date. In response, Plaintiffs agreed in writing to that extension. (Pls.' Mot. Ex. 2 at 1; Margolskee Decl. ¶¶ 7-8.)

3. Plaintiffs never informed DAO that there was an impending discovery deadline, and Plaintiffs never informed DAO that there was an urgent need to produce the documents on an expedited timeline. DAO learned about the recent discovery deadline yesterday, when counsel for the City informed the undersigned of that fact. (Margolskee Decl. ¶¶ 9-10.)

4. Accordingly, DAO reasonably believed its response to the subpoena would be due this upcoming Friday, July 19, 2024, and DAO reasonably relied on Plaintiffs' extension of the subpoena return date.

5. The reason DAO asked for that two-week extension was because the original return date on the face of the subpoena was July 5—the Friday after Independence Day—and DAO's Civil Litigation Unit was very short-staffed during the holiday due to scheduled vacations and an attorney's leave of absence. DAO also anticipated that the subpoena would require obtaining multiple boxes of materials, including some from archival storage, and that obtaining, reviewing, scanning, redacting, and producing those documents could reasonably take a substantial time to complete, even without the staffing issues during the intervening holiday. (Margolskee Decl. ¶ 7.)

6. DAO has obtained 12 boxes of documents, and it is working diligently to scan, review, redact, and produce materials from those boxes. (Margolskee Decl. ¶ 13.) DAO expects that it will be able to make at least an initial production of documents before the July 19 date that Plaintiffs had agreed upon.

7. Plaintiffs have no good faith basis to move to compel production. That is especially true because Plaintiffs inexplicably failed to subpoena DAO at an earlier stage in this

litigation, they never informed DAO of the apparently impending discovery deadline, they never informed DAO of the urgent need to produce the documents on an expedited basis, and they never made any effort to meet and confer prior to filing their motion to compel.

8. For the foregoing reasons, this Court should deny the motion to compel to the extent it is directed to non-party DAO.

                Respectfully submitted,

                /s/ Daniel P. Margolskee
                DANIEL P. MARGOLSKEE
                Assistant District Attorney
                Supervisor, Civil Litigation

                Office of the District Attorney
                   of Philadelphia
                3 South Penn Square
                Philadelphia, PA 19107
                (215) 686-5734
                daniel.margolskee@phila.gov

                *Attorney for Non-Party Philadelphia District Attorney's Office*

## CERTIFICATE OF SERVICE

I certify that, on July 16, 2024, I caused to be served upon counsel of record for all parties by ECF a true and correct copy of the within response in opposition to plaintiffs' motion to compel production of subpoenaed documents, the accompanying declaration and exhibit attached thereto, and a proposed order denying the motion to compel.

July 16, 2024

/s/ Daniel P. Margolskee<br>
DANIEL P. MARGOLSKEE<br>
Assistant District Attorney<br>
Supervisor, Civil Litigation