**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **GRENILE GAINEY, et al.,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-4143** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2024, upon consideration of Defendant's Motion for Summary Judgement (ECF No. 79), Plaintiff's Response (ECF No. 81), and this Reply, it is **HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

BY THE COURT:

_____
MICHAEL M. BAYLSON, .J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GRENILE GAINEY, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-4143** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant City of Philadelphia ("Defendant" or "City") hereby files this reply in support of their Motion for Summary Judgment (the "Motion" or "Defendant's Motion"). (ECF No. 79).

### I.      Overview

Plaintiffs' response (the "Response") to the Motion does not address any of the arguments Defendant detailed in support of dismissal of this action. Instead of meaningfully responding to Defendant's Motion, Plaintiffs' contentions deal solely with discovery. Specifically, Plaintiffs argue that Defendant City and the District Attorney's Office ("DAO") refused to participate in discovery and "deliberately" withheld the production of documents. (Pl. Resp. at p. 4, 16). This contention is incorrect and disingenuous. Plaintiffs point the finger at the Defendant and the DAO for Plaintiffs' own failure to actively and timely participate in discovery. Here, Defendant provided the Plaintiffs documents in their possession responsive to and timely to Plaintiffs' requests. The DAO has done the same. Plaintiffs have all requested discovery – totaling approximately 15,000 pages. Nevertheless, Plaintiffs use this "outstanding" discovery as an excuse to not meaningfully respond to the Motion in arguing that they will be

"utterly deprived of their right to due process in the event that the forgoing motion is granted." (*See* Pl. Resp. at p. 4). Plaintiffs seek that this Court deny Defendant's Motion on this unjustifiable basis. In the alternative, Plaintiffs seek leave to file an "amended response" to Defendant's Motion. (*Id*. at p. 16). Plaintiffs are entitled to neither form of relief.

Plaintiffs also appear to seek "oral argument" on the outstanding motions to compel. (Pl. Resp. at p. 16). However, Plaintiffs' outstanding motions to compel are effectively moot as Plaintiffs have all discovery requested from the City and the DAO. The only apparent outstanding issues in Plaintiffs motions to compel are their allegations: (1) that the DAO did not scan, redact, and produce their file quickly enough in response to Plaintiffs' June 21, 2024, subpoena, and (2) that the City should have set up third-party depositions that Plaintiffs requested the City to do so on ***one and two days' notice*** just three full business days before the close of discovery. Plaintiffs' first outstanding discovery issue is meritless for the reasons detailed in the DAO's response to Plaintiffs' motion to compel production of documents. (ECF No. 73 and 76). Plaintiffs' second outstanding discovery issue is meritless for the reasons detailed in Defendant's response to Plaintiffs' motion to compel written responses and third-party depositions. (ECF No. 71 and 72). Thus, oral argument would be futile.

Notwithstanding Plaintiffs' failures to timely engage in discovery or respond to the Motion in substance despite having all requested discovery, Plaintiffs' *Monell* claim is otherwise meritless. Indeed, Plaintiffs cannot point to any prospective outstanding discovery that would otherwise assist in supporting their failed *Monell* claim against the City. Thus, any argument that Plaintiffs are prejudiced is unsupported. As such, this Court should deny Plaintiffs' arguments and grant Defendant's Motion.

II.     **Background**

While most of the relevant background is detailed in Defendant's responses and the

DAO's response to Plaintiff's Motions to Compel, (ECF No. 72, 74, and 76), Defendant will

detail the relevant history, for completeness, in numbered paragraphs below:

1.      Plaintiffs initiated this action by way of Complaint on October 14, 2022. (ECF

No. 1). Plaintiffs filed an Amended Complaint on January 11, 2023. (ECF No. 13).

2.      On June 9, 2023, this Court's issued its initial scheduling order, ordering that

discovery be completed by February 15, 2024. (ECF No. 28).

3.      On February 14, 2024, Plaintiffs filed a motion for extension of time to complete

discovery. (ECF No. 60).

4.      On February 20, 2024, the Defendant responded in opposition to Plaintiffs request

for extension of time, arguing, *inter alia*, that:

> Discovery in this matter has been open for at least six months. Unfortunately,
> during that time period, Plaintiff's counsel did not schedule any depositions nor
> did it serve any requests for production on the City such that discovery could
> proceed. In the leadup to the discovery deadline in late January and early
> February, former counsel for the City made a number of attempts to reach out to
> counsel for Plaintiffs to determine status on the case and to inform them that her
> client would be moving for summary judgment at the end of February in
> accordance with the Court's Scheduling Order given the lack of any attempt by
> Plaintiff to produce a single document or obtain discovery in the case.

(*See* ECF No. 63 at ¶ 3).

5.      On February 22, 2024, this Court granted Plaintiffs' motion for extension of time,

ordering that discovery be completed by July 14, 2024, and emphasizing that: "[n]o further

extensions will be granted." (ECF No. 64).

6.      On June 14, 2024, Plaintiffs issued a first set of requests for production of

documents to Defendant.

7.        On June 21, 2024, Plaintiffs served a subpoena to the DAO requesting production of documents, the DAO File. (*See* ECF No. 73-1, ECF No. 76 at ¶ 1).

8.        On July 5, 2024, Defendant produced approximately 1,650 pages of discovery. (*See* Defendant 7/5/24 production letter, attached as Exhibit A).

9.        On July 8, 2024, Plaintiffs requested that the City produce third-party witnesses retired Detectives Anthony Tomaino, Joseph Walsh, Michael Gross, Robert Snell, and former ADA Yvonne Ruiz. (ECF No. 72-2 at p. 2). The final business day before the discovery deadline was July 12, 2024.

10.       The undersigned advised Plaintiffs that Defendant cannot agree to producing third-party witnesses outside the discovery deadline considering the impending July 30, 2024, summary judgment deadline (with no further extensions). (ECF No. 72-2 at p. 2).

11.       In response, Plaintiffs requested that the City produce retired detectives Walsh, Tomaino, Gross, and ADA Ruiz during the next two days – July 9, 2024, and July 10, 2024. (ECF No. 72-2 at p. 3).

12.       The undersigned responded, explaining also that although he is personally available on those dates, Plaintiffs' request to present these witnesses on a less than one- and two-days' notice is not a reasonable amount of time to notify, prepare and present them for depositions. (ECF No. 72-2 at p. 3-4). The undersigned also advised Plaintiffs that ADA Ruiz was represented by Shelley Smith, Esquire, and that they would have to reach out to her to arrange ADA Ruiz's deposition. (ECF No. 72-2 at p. 3-4).

13.     On July 9, 2024, Plaintiffs filed a motion to compel to serve written responses and the City to produce third-party witnesses former detectives Tomaino, Walsh, Gross, and Snell[1] for deposition. (ECF No. 71 at p. 3).

14.     On July 9, 2024, Plaintiffs produced over 3,800 pages of discovery.

15.     On July 10, 2024, Defendant filed a response to Plaintiffs' motion to compel written discovery responses and to produce third-party witnesses for deposition. (ECF No. 72).

16.     On July 10, 2024, Defendants produced over 200 pages of discovery and Plaintiff produced over 5000 pages of discovery. (*See* Defendant 7/10/24 production letter, attached as Exhibit B).

17.     On July 12, 2024, Plaintiffs filed a motion to compel production of subpoenaed documents – the DAO file. (ECF No. 73).

18.     On July 15, 2024, Defendant filed a response in opposition to Plaintiffs motion to compel production of subpoenaed documents. (ECF No. 74). In sum, the City is not in possession or control of the requested DAO file. (*Id*. at p. 2).

19.     On July 16, 2024, the DAO filed a response in opposition to Plaintiff's motion to compel production of subpoenaed documents. (ECF No. 76). In sum, the DAO argued that they received Plaintiffs' subpoena on June 21, 2024, had obtained twelve boxes, and were diligently scanning and redacting them a quickly as they could. (*Id*. at ¶¶ 1-6).

20.     On July 22, 2024, the DAO produced to counsel 1,645 pages of discovery. (*See* DAO first production letter, attached as Exhibit C).

21.     On July 29, 2024, Defendant filed a Motion for Summary Judgment to dismiss Plaintiffs remaining *Monell* claim. (ECF No. 79).

---

[1] Robert Snell is deceased.

22.     On July 30, 2024, the DAO produced approximately 3,000 more documents, the remaining production responsive to Plaintiffs' June 21, 2024, subpoena. (*See* DAO second production letter, attached as Exhibit D).

23.     August 12, 2024, Plaintiffs filed their Response in Opposition to the Motion. (ECF No. 81).

## III.    Argument

Although not entirely clear, Plaintiffs' contention appears to be that the discovery was not timely produced to them by the DAO in order to respond to the Motion. However, Plaintiffs are to blame for not diligently and timely prosecuting their case. Any delay is attributed to their own failures. Nevertheless, Plaintiffs ***received all requested documents*** with enough time to meaningfully respond to the Motion. Despite having their requested documents, Plaintiffs have elected not to participate in Motions' practice.

Specifically, Plaintiffs have all conceivable statements, notes of testimony, and investigative documents associated with their claims. Even if Plaintiffs were "obstructed" from "perfecting" discovery (they were not), Plaintiffs cannot point to any outstanding evidence that would support their claims that has not already been passed responsive to Plaintiffs' requests. Plaintiffs refuse to cite to anything of record or make any legitimate effort to argue their claims as initially alleged back on October 14, 2022, (ECF No. 1), and amended on January 11, 2023. (ECF No. 13). In sum, Plaintiffs responsive arguments are meritless because: (A) any delay in receiving discovery is due to Plaintiffs' failure to timely engage in discovery, (B) Plaintiffs have all requested discovery and thus cannot justify their failure to respond to Defendant's arguments detailed in the Motion, and (C) Plaintiffs' *Monell* claim is otherwise futile. For these reasons, as further detailed below, Plaintiff is not entitled to any requested relief.

A. Plaintiffs' Argument That Defendant City Failed to Participate in Discovery Is
Misguided, Misrepresented, and should not form the basis to deny Defendant's Motion

Plaintiffs argue that the Defendant City has "refused" to adequately participate with discovery. (Pl. Resp. at p. 4). Plaintiffs aver that the DAO refused to produce the files prior to the discovery deadline set by this Court. (*Id.*). Plaintiffs claim that the City and "its sister agency" the DAO blatantly refused to produce the H-Files.[2] (*Id.*). This is inaccurate.

Indeed, Defendant City served upon Plaintiffs responsive discovery on July 5, 2024, and July 10, 2024, timely to Plaintiffs' requests. Plaintiffs admittedly did not serve a subpoena on the DAO for their files until June 21, 2024. And importantly, the DAO did not refuse to produce the files. To the contrary, the DAO responded to Plaintiffs' subpoena in this matter, explaining that they had obtained twelve boxes of documents, and were working diligently to scan, review, redact, and produce responsive materials from those boxes. (*See* ECF No. 76-1 at ¶ 13, Declaration of Daniel P. Margolskee – DAO Civil Litigation Unit Supervisor). Indeed, there was no "refusal" to produce documentation. Instead, Plaintiffs failed to diligently seek discovery and prosecute this case. Despite having six months to seek discovery during the discovery period, then receiving a nearly five-month extension to the initial discovery deadline (over Defendant's opposition), Plaintiffs waited until three weeks before the close of discovery to seek the DAO files.

Nevertheless, Plaintiffs received timely responsive discovery from the City on July 5, and 10th, then the DAO discovery on July 22, and July 30, 2024. Instead of using the approximately 15,000 pages of discovery to file a meaningful response to Defendant's Motion, Plaintiffs seek

---

[2] Plaintiff misunderstands (or obscures) the relationship between the City and DAO. As parties to litigation, the City and the DAO are separate and independent entities. *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d. 694, 710 (E.D. Pa. 2015) (citing 16.P.S. § 7701–7742); *Quintana v. City of Philadelphia*, No. 17-0996, 2017 WL 3116265, at *4 (E.D. Pa. July 21, 2017). The City does not have possession or control of the DAO files.

that this Court deny Defendant's Motion by default. Plaintiffs' request is baseless and should be denied.

B. Plaintiffs Cannot Justify Their Failure to File a Meaningful Response To Defendant's Motion For Summary Judgment Which Cannot Form The Basis To Deny Defendant's Motion

Plaintiffs argue that the record is "egregiously incomplete due exclusively to the Defendant's failure to fully participate in discovery" and that the Defendant should "not benefit from an incomplete record." (Pl. Resp. at p. 15). Plaintiffs also argue that the Defendant City and the DAO "deliberately withheld production of the homicide file until the expiration of the discovery deadline in this matter." (*Id.*). Again, these contentions are incorrect and disingenuous given the record detailed above. As detailed above, the Defendant produced all known responsive documents in their possession, timely to Plaintiffs' request, and the DAO produced twelve boxes as quickly as they could in response to Plaintiffs' belated request. Again, Plaintiffs are in possession of approximately 15,000 pages of discovery. Nevertheless, Plaintiffs fail to explain what discovery is incomplete in this matter, let alone what outstanding discovery could support their *Monell* claim.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. Proc. 56(d). To obtain additional discovery, a party must show "what particular information is sought; how, if uncovered it would preclude summary judgment; and why it has not previously been obtained." *Superior Offshore Int'l, Inc. v. Bristow Grp., Inc.*, 490 F. App'x 492, 501 (3d Cir. 2012); *Dowling v. City of Philadelphia*, 855 F.2d 136, 139–40 (3d Cir. 1988).

8

The third element requires that the moving party "affirmatively demonstrate[], with specificity, diligent efforts on his or her party and unusual circumstances which have frustrated those efforts." *Banks v. City of Philadelphia*, 309 F.R.D. 287, 292 (E.D. Pa. 2015) (Robreno, J.) (quoting *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986)) (alteration in original). "[T]he rule is not intended to protect those who have had an opportunity to complete discovery, but who failed to do so by their own lack of diligence." *Id.*  Rule 56(d)'s diligence requirement applies to a counsel and to the party himself, and a moving party "cannot avoid the consequences of the acts or omissions of [his] freely selected agent." *Id.* (denying additional discovery where new counsel blamed prior counsel) (internal citations omitted).

Plaintiffs here seek what *Banks* and *Dowling* forbid. Plaintiffs had a year to conduct discovery[3] but now claim that the "matter is not ripe for summary judgment" essentially asking the Court to reopen discovery or deny Defendant's Motion outright. (Pl. Resp. at p. 4, 16). Plaintiffs have made no meaningful "affirmative demonstration" of specifically frustrated efforts to obtain any discovery they may now be seeking. Such frustration is self-created due to Plaintiffs' failure to timely seek discovery of a thirty-year-old investigation/criminal trial. Plaintiffs' efforts to obtain discovery all occurred in the final three weeks of the discovery period despite receiving an extra five months from this Court to conduct discovery. With that, it is of no surprise that Plaintiffs received the discovery when they did. And again, Plaintiffs are in possession of all requested documents and had an opportunity to respond to the Motion.[4]

---

[3] Defendant notes that Plaintiffs initiated this action in October of 2023 and could have theoretically began requesting documents nearly two years ago.

[4] It appears that the only "outstanding" discovery are the depositions of third-party witnesses that Plaintiffs failed to reasonably and timely pursue for the reasons detailed above and Defendant's response to Plaintiffs' motion to compel. (ECF No. 71, 72).

Plaintiffs' failure to diligently prosecute this case extends to their Response. Despite having all requested paper discovery, Plaintiffs fail to respond to any arguments detailed in Defendant's Motion or to the Statement of Undisputed Facts. (*See* ECF No. 79, 79-1).

As detailed in the Motion, Plaintiffs' remaining claim is a *Monell* claim against the City. Plaintiffs make no effort to litigate these claims. They do not cite to one of the over 15,000 documents passed during discovery. Instead of citing to anything of record, Plaintiffs recite their Amended Complaint filed over eighteen months ago. (*See* Pl. Resp. at 5-14, *see also* ECF No. 13). And Plaintiffs' entire legal argument is comprised of citing the *Monell* standard, then improperly and incorrectly reasserting that the City and the DAO have not fully participated in discovery. (Pl. Resp. at p. 15). As such, with Plaintiffs' opportunity and failure to meaningfully respond to Defendants' Motion, Plaintiffs' excuse to justify why they did not respond is not genuine and thus cannot form the basis to deny Defendant's Motion. Instead, it is reason for this Court to grant Defendant's Motion.

C.  Plaintiffs' *Monell* Claim is Otherwise Futile

Even if Plaintiffs' justifications for not responding to the arguments set forth in the Motion were well-founded, Plaintiffs' *Monell* claim is otherwise meritless. Here, Plaintiffs' requests for discovery are not supportive of their remaining *Monell* claim against the City, as they must show: (1) an underlying constitutional harm, and (2) that their alleged deprivation of rights was the result of an official policy, custom, or practice or the result of deliberate indifference to a failure to train or discipline employees.

Specifically, Plaintiffs' claims of underlying constitutional harm are claimed false testimony and suppression of evidence. Plaintiffs have all notes of testimony and have all alleged suppressed evidence that appear to be referenced in their Amended Complaint. Indeed, the notes

10

of testimony and suppressed evidence were detailed in the Motion and Statement of Undisputed Facts ("SUF")). (*See* ECF No. 79 at 11-17, the Motion, and *see generally* ECF No. 79-1, SUF). Plaintiffs' false testimony theory is debunked. Plaintiffs make no effort to explain what outstanding discovery they seek that could conceivably support their debunked false testimony theory.

Plaintiffs are similarly in possession of the evidence that is the basis for their suppressed evidence theories, including: (1) information about other suspects, (2) information about witness Thomas Drummond's arrest for a bar robbery, and (3) improper redaction of Plaintiffs' co-conspirators' statements. (Am. Compl. at ¶¶ 41-47, 53). Indeed, Plaintiffs have the "information" of the other alleged suspects (SUF at ¶ 47). Plaintiffs have the evidence related to their information of Thomas Drummond's arrest for a bar robbery. (SUF at ¶ 24). Plaintiffs have the evidence related to their claim related to the admission of redacted statements in violation of *Bruton v. United States*, 391 U.S. 123 (1968) in the form of all of the statements that Plaintiffs claim should have been redacted more appropriately. (SUF at ¶ 29). Additionally, Plaintiffs have all requested discovery related to their attempt to show that their alleged constitutional violation was the result of an official policy, custom, or practice, failure to train, supervise, or discipline. Defendant's detail in their Motion that cannot support any theory of *Monell* liability. (*See* the Motion at p. 22-28).

Plaintiffs received all requested discovery, and thus have no excuse to forgo responding to this argument other than the apparent realization that their *Monell* claim is otherwise futile as thoroughly detailed in the Motion. As such, Plaintiffs are entitled to no requested relief from this Court.

**IV.     Conclusion**

For the foregoing reasons, and those detailed in the Motion, the Defendant respectfully requests that this Court deny Plaintiffs' arguments, grant their Motion and dismiss Plaintiffs' claim against them.

Date: August 19, 2024                                    Respectfully submitted,

                                                         /s/ *Daniel Cerone*
                                                         Daniel Cerone
                                                         Div. Deputy City Solicitor
                                                         Attorney Identification No. 321507
                                                         City of Philadelphia Law Department

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GRENILE GAINEY, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 22-4143** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below the Defendant's Reply was filed via the Court's electronic filing system and is available for downloading.


Date:  August 19, 2024                    Respectfully submitted,


<u>/s/ *Daniel Cerone*                </u>
Daniel Cerone
Div. Deputy City Solicitor
Attorney Identification No. 321507
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102