IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAREE ABDULLAH, a/k/a GRENILE GAINEY and JARMAINE TRICE, a/k/a ERIC GREENE, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 22 -4143 |

**Baylson, J.**                                                                                              April 7, 2025

**MEMORANDUM OPINION RE: DEFENDANT'S MOTION FOR RECONSIDERATION**

Presently before this Court is the City of Philadelphia's (Defendant) Motion for Reconsideration ("Reconsideration Motion"), ECF 111, regarding this Court's Memorandum Opinion Re: Defendant's Motion for Summary Judgment ("MSJ Opinion"), ECF 108.  For the reasons detailed below, Defendant's Motion will be granted in part and denied in part.

**I.    BACKGROUND**

The factual background of this case has been discussed at length in prior opinions.  Here, this Court only summarizes the relevant procedural history.

On March 12, 2025, this Court granted in part and denied in part Defendant's Motion for Summary Judgment.  This Court dismissed Counts II (§ 1983 Conspiracy) and Count III (Failure to Intervene), holding that neither could serve as the requisite predicate constitutional violation to support Monell liability.  This Court also dismissed Count IV (Monell claim, as predicated on an unconstitutional policy or a failure to train, supervise, or discipline).  This Court allowed only Count IV (Monell claim, as predicated on an unconstitutional custom) and Count I (deliberate deception) to proceed.  Count I was only permitted to proceed "to establish the requisite

1

underlying constitutional violation on which to predicate [Plaintiffs'] Monell claims." MSJ Opinion at 14.

On March 19, 2025, this Court put out a Hearing Notice for a Final Pretrial Conference to be held on April 7, 2025. ECF 110. On March 25, 2025, Defendant filed a Motion for Reconsideration. On March 26, 2025, this Court ordered Plaintiffs to respond to the Motion within seven days so that the Motion may be discussed at the Final Pretrial Conference. ECF 112. On April 2, 2025, Plaintiffs filed a Response in Opposition ("Response"). ECF 113.

## II. PARTIES' CONTENTIONS

### A. Count I (Deliberate Deception)

Defendant first asks that this Court clarify that Count I may only proceed as a basis on which to establish Monell liability and not a stand-alone claim. Defendant next contends that Count I should be dismissed because Defendant is not liable for the actions of the District Attorney's Office and Plaintiffs did not fully respond to Defendant's Statement of Undisputed Facts. Reconsideration Motion at 4-10.

Plaintiffs assert that witness Jackson Desmond's testimony may serve as the basis by which to establish the requisite underlying constitutional violation as another court already determined that Jackson's false testimony constituted a Napue violation. Response at 4, ECF 113.

### B. Count IV (Monell liability)

Defendant contends that Count IV should be dismissed because Plaintiffs' custom theory is solely based on allegations contained in the Amended Complaint and there is no nexus between the alleged underlying violation, prosecutorial misconduct, and alleged Monell theory, City custom. Reconsideration Motion at 10-14.

2

Plaintiffs argue that the alleged unconstitutional City custom is supported by, among other things, Detective Tomaino's deposition testimony. Resp. at 5-6.

### III. DISCUSSION

#### C. Count I (Deliberate Deception)

As a preliminary matter, this Court clarifies that Count I may only proceed as a basis by which to establish Monell liability and not a stand-alone claim.

In its Summary Judgment Opinion, this Court found that, "[i]f Plaintiffs establish at trial that (1) Jackson proffered false testimony, or (2) Ruiz intentionally concealed incident reports of the second bar robbery they may be able to establish the requisite underlying constitutional violation on which to predicate their Monell claims." MSJ Opinion at 14. This Court will grant Defendant's Reconsideration Motion as it pertains to Assistant District Attorney Ruiz. Cases from this district hold that liability is only imputed to a municipality for actions of the District Attorney's Office taken by a final municipal decisionmaker or acts that are administrative or investigatory in nature. See Pownall v. Krasner, 675 F.Supp.3d 517 (E.D. Pa. 2023) (McHugh); Harris v. Krasner, 2023 WL 3431233 (E.D. Pa. May 12, 2023) (Slomsky); Morgan v. Pennsylvania, 2023 WL 6461245, at *5 (M.D. Pa. Oct. 2, 2023). As this Court previously found that ADA Ruiz's actions in this case were prosecutorial in nature, Plaintiffs may not base any deliberate deception violation on information withheld by ADA Ruiz. See Memo Re: MTD at 21, ECF 50. That is, at trial, the only basis on which Plaintiffs may establish deliberate deception is the allegation that Jackson proffered false testimony.

Defendant's Motion for Reconsideration as to Count I is granted in part and denied in part. Count I may proceed, solely as a basis on which to predicate Monell liability, and not as a stand-alone claim, based on Jackson's allegedly false testimony.

### D. Count IV (<u>Monell</u> liability)

Plaintiffs' <u>Monell</u> claim as predicated on a theory of an unconstitutional custom may proceed as Plaintiffs point to sufficient evidence to survive summary judgment. In <u>Thomas v. City of Philadelphia</u>, a court in this district denied Defendant's Motion for Summary Judgment where plaintiffs proffered similar evidence in support of an unconstitutional custom. 2019 WL 4039575 (E.D. Pa. Aug. 27, 2019) (Pratter). Additionally, Defendant's claim that there is no nexus between the alleged underlying violation, prosecutorial misconduct, and alleged <u>Monell</u> theory, City custom, is without merit. The alleged underlying violation is deliberate deception, not prosecutorial misconduct, which this Court will allow to proceed as predicated on Jackson's allegedly false testimony. There is a nexus between a witness proffering false testimony and an unconstitutional custom to fabricate and plant evidence, fabricate witness and suspect statements, conceal and/or fail to disclose exculpatory evidence, and fail to conduct reasonably thorough and fair investigations.

Defendant's Motion is denied as to Count IV. Plaintiff's <u>Monell</u> claim as predicated on an unconstitutional custom may proceed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Reconsideration is granted in part and denied in part.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 22\22-4143 Gainey et al v. Philadelphia et al\22-4143 Reconsideration Memo Opinion.docx